**CHAMBERS OF**
**BETH P. GESNER**
**CHIEF UNITED STATES MAGISTRATE JUDGE**
MDD_BPGchambers@mdd.uscourts.gov

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
(410) 962-4288
(410) 962-3844 FAX

January 16, 2019

Paul R. Schlitz, Jr., Esq.
Mering & Schlitz, LLC
343 N. Charles St., Third Floor
Baltimore, MD 21201

Kathleen C. Buckner, Esq.
Social Security Administration
6401 Security Blvd., Rm. 617
Baltimore, MD 21235

Subject: Diane B. v. Commissioner, Social Security Administration, Civil No.: BPG-18-703[1]

Dear Counsel:

Pending before this court, by the parties' consent (ECF Nos. 3, 4), are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 13) and Defendant's Motion for Summary Judgment ("Defendant's Motion") (ECF No. 15). The undersigned must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), superseded by statute, 20 C.F.R. § 416.927(d)(2). I have reviewed the pleadings and the record in this case and find that no hearing is necessary. Loc. R. 105.6. For the reasons noted below, Plaintiff's Motion (ECF No. 13) is denied and Defendant's Motion (ECF No. 15) is granted.

## I. Background

On March 30, 2015, plaintiff filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income, alleging disability beginning on March 30, 2015. (R. at 177, 181). Her claims were initially denied on June 2, 2015 (R. at 88, 92), and on reconsideration on August 13, 2015 (R. at 99, 104). After a hearing held on January 10, 2017, an Administrative Law Judge ("ALJ") issued a decision on April 11, 2017, denying benefits based on a determination that plaintiff was not disabled. (R. at 18–26). The Appeals Council denied plaintiff's request for review on January 30, 2018, making the ALJ's opinion the final and reviewable decision of the Commissioner. (R. at 1–4). Plaintiff challenges the Commissioner's decision on the following grounds that: (1) the ALJ neglected to follow the treating physician rule and accorded improper weight to "defective findings" by non-examining state agency medical consultations and the consultative examiner, (2) the ALJ utilized rescinded rulings to support a decision to deny benefits, and (3) there is no evidence that plaintiff's past work could be performed with a sit/stand option.

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

II.     Discussion

First, plaintiff argues that "[t]he ALJ neglected to follow the treating physician rule and accorded improper weight to defective findings by non-examining state agency medical consultations and the consultative examiner." (ECF No. 13-1 at 5). The ALJ must generally give more weight to a treating physician's opinion. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Where a treating physician's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, however, the ALJ should afford it significantly less weight. Id.; Craig, 76 F.3d at 590. If the ALJ does not give a treating source's opinion controlling weight, the ALJ must assign weight after considering several factors, including the length and nature of the treatment relationship, the degree to which the physician's opinion is supported by the record as a whole, and any other factors that support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(1)–(6), 416.927(c)(1)–(6). The ALJ need not mechanically discuss every factor when choosing to afford a treating physician's opinion less weight, as long as the ALJ articulates the reasoning behind the decision. See Baxter v. Astrue, No. SKG-10-3048, 2012 WL 32567, at *6 (D. Md. Jan. 4, 2012).

Plaintiff's treating physician, Dr. Green, completed a "Medical Assessment of Ability to Do Work-Related Activities (Physical)." (R. at 299–301.) Dr. Green opined, on a fill-in-the-blank form with little explanation, that plaintiff had numerous physical and postural limitations. Id. The form is missing, in part, required narrative explanations of what the medical findings are that support the assessment reached.[2] Id. Opinions noted "on check-box or form reports may be accorded little or no weight, in the absence of narrative explanation or supporting rationale." Crawley v. Comm'r, Soc. Sec. Admin., No. SAG-11-2427, 2013 WL 93202, at *2 (D. Md. Jan. 7, 2013). Without explanation, "it would be difficult for an ALJ to assign meaningful weight to opinions devoid of evidentiary support." Brown ex rel. A.W. v. Comm'r, Soc. Sec. Admin., No. SAG-12-52, 2013 WL 823371, at *2 (D. Md. Mar. 5, 2013).

Additionally, the ALJ afforded this opinion little weight because "Dr. Green's proposed limitations appear exaggerated and are not consistent with the other evidence." (R. at 23–24). Specifically, the ALJ found that "Dr. Green concluded the claimant could never engage in any postural activities, which suggests the claimant could not get up from a laying position or move." (R. at 24). The ALJ found that these limitations were "unsupported by the medical record and the claimant's own testimony." Id. The ALJ noted that Dr. Colley, a consultative examiner, observed that plaintiff was able to "sit, stand, and go from supine to prone and back to standing independently," as well as "lift 20-25 pounds without difficulty and bend forward to pick up a light stool without reported pain." (R. at 23). Similarly, Dr. Bushwick, another consultative examiner, found that plaintiff "can stand and walk for three hours in an eight hour day, can sit for 15 minutes at a time and four hours in an eight hour day, can frequently climb, balance, kneel and crawl, and occasionally stoop and crouch." (R. at 24). Plaintiff herself testified that she

---

[2] Although Dr. Green does cite specific medical findings for plaintiff's standing/walking and sitting restrictions, she fails to cite any medical findings for plaintiff's postural, physical, and environmental restrictions. (R. at 300–01). Additionally, for plaintiff's lifting/carrying restrictions, Dr. Green merely states "carry [sic] or lifting objects greater than ten pounds may exacerbate symptoms due to back." (R. at 299).

could sit and stand for up to thirty minutes, walk half a block, and lift five pounds. (R. at 22). Accordingly, the court cannot conclude that the ALJ's determination to afford little weight to Dr. Green's opinion was not supported by substantial evidence, and, thus, remand is not appropriate on this issue.

Plaintiff raises several additional arguments regarding the ALJ's assignment of weight to the consultative examiners. (ECF No. 13-1 at 5). Plaintiff first argues that the ALJ made a "crucial error" by recording that plaintiff saw Dr. Colley in May of 2016 when plaintiff actually saw Dr. Colley in May of 2015. (ECF No. 13-1 at 5). As noted by defendant, however, "[t]his appears to be nothing more than a harmless typographical error," as "[t]he ALJ discussed the medical evidence chronologically and she placed Dr. Colley's report properly for its May 2015 date" and "did not base any of her findings on the date of Dr. Colley's report." (ECF No. 15-1 at 5). Plaintiff further argues that Dr. Colley "did not discern any medical opinion." (ECF No. 13-1 at 5). While this is true, as acknowledged by defendant (ECF No. 15-1 at 5), Dr. Colley did make objective findings as to plaintiff's ability to sit, stand, move, and lift based on her examination of plaintiff. (R. at 23). Accordingly, the ALJ committed no error in assigning weight to Dr. Colley's findings. Finally, plaintiff argues that the consultative examiners failed to consider plaintiff's carpal tunnel, neuropathy, and scoliosis. (ECF No. 13-1 at 6). The ALJ acknowledged, however, that evidence considered at the hearing level "indicate[d] that the claimant is somewhat more limited than was previously determined" and reflected the extent of such limitation in her assessment of plaintiff's severe impairments and RFC. (R. at 20, 23). Accordingly, plaintiff's remaining arguments about the ALJ's assignment of weight are without merit, and remand is not warranted on this issue.

Second, plaintiff argues that the ALJ improperly utilized rescinded Social Security Rulings ("SSRs") 06-3p, 96-6p, and 96-5p to support her decision to deny plaintiff benefits. (ECF No. 13-1 at 7). These rulings were rescinded by the agency on March 27, 2017. Rescission of Soc. Sec. Rulings 96-2p, 96-5p, & 06-3p, 82 Fed. Reg. 15263-01. The rescission, however, is only "effective for claims filed on or after March 27, 2017." Id. ALJs are still required to use these rules for claims filed before March 27, 2017. HALLEX I-5-3-30, 2017 WL 1362776, at *5 (2017). Plaintiff filed her claim on March 30, 2015, before the March 27, 2017 rescission date. (R. at 177, 181). Accordingly, the ALJ did not err by using these rulings, and plaintiff's argument that remand is warranted is without merit.

Finally, plaintiff argues that there is no evidence that plaintiff's past work as a production worker could be performed with a sit/stand option as required by her residual functional capacity ("RFC"). (ECF No. 13-1 at 8). At step four, the ALJ must determine whether the claimant has the RFC to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). Past relevant work is "work that [a claimant] ha[s] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [a claimant] to learn to do it." 20 C.F.R § 404.1560. Here, the ALJ found that plaintiff was capable of performing past relevant work as a production worker and that "[t]his work does not require the performance of work-related activities precluded by the claimant's residual functional capacity." (R. at 24). Plaintiff's RFC included a limitation that plaintiff "require[d] a sit/stand option every hour for three to five

minutes while remaining on task." (R. at 22). At a hearing held on January 10, 2017, the ALJ asked the vocational expert ("VE") if a hypothetical person with all of plaintiff's limitations except for the sit/stand option could perform the past work of plaintiff, and the VE testified that the hypothetical person could do this job as it was performed generally. (R. at 44). At no point, however, did the ALJ ask whether a person with a sit/stand option limitation could perform this past work. Defendant also concedes that "[i]t is not clear that [plaintiff's] past relevant work as a production worker as generally performed would allow for a sit/stand option every hour for three to five minutes while remaining on task as required by her RFC." (ECF No. 15-1 at 8). Accordingly, I cannot conclude that the ALJ's determination that plaintiff could complete past relevant work is supported by substantial evidence.

Although the ALJ erred by concluding at step four that plaintiff was able to complete past relevant work, the ALJ went on to make alternative findings at step five that there are other jobs existing in the national economy that plaintiff is also able to perform. (R. at 24). "Where the Court upholds the ALJ's finding at step five of the sequential evaluation, any error at step four is harmless." Timmons v. Colvin, No. ADC-16-0271, 2016 WL 7408837 at *7 (D. Md. Dec. 21, 2016) (citations omitted). Here, plaintiff does not challenge the ALJ's decision at step five, and I find that the ALJ's step five determination was supported by substantial evidence. Accordingly, the ALJ's error at step four is harmless, and remand is not warranted on this basis.

### III.     Conclusion

For the reasons stated above, Plaintiff's Motion (ECF No. 13) is DENIED and Defendant's Motion (ECF No. 15) is GRANTED.

Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly.

Very truly yours,

/s/

Beth P. Gesner
Chief United States Magistrate Judge